# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Western Energy Partners, LLC,**

      **Plaintiff,**

-V-                                                                           **Case No. 2:02cv1264**
                                                                                     **JUDGE SMITH**
**New Energy Co., LLC,** *et al.*,                          **Magistrate Judge Abel**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Western Energy Partners, LLC's Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Doc. 23). Plaintiff asserts that Defendants New Energy Company, LLC, Edward L. Presley, and Everett E. Gustin have admitted liability and damages as to Plaintiff's First Claim for Relief – Enforcement of Promissory Note.[1] For the reasons that follow the Court **GRANTS** Plaintiff's Motion.

### I. Facts

For purposes of ruling on Plaintiff's Motion for Partial Judgment on the Pleadings, the Court accepts as true the well-pleaded facts set forth in the Complaint.

Plaintiff Western Energy Partners, LLC ("Western Energy") is a limited liability company formed under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio.

---

[1] Although Plaintiff initially filed this Motion to Dismiss against all Defendants, an agreed judgment was entered against Defendants Presley and New Energy, therefore, the only Defendant this Motion is seeking to enforce judgment against is Defendant Gustin.

Defendant New Energy Co., LLC ("New Energy") is a limited liability company formed under the laws of the State of Wyoming, with its principal place of business located in Sheridan, Wyoming. Defendant Edward L. Presley is the principal owner, member, and operations manager of New Energy and a resident of the State of Wyoming. Defendant Everett E. Gustin has a financial interest in New Energy and is a resident of the State of Nevada.

The complaint alleges that Western Energy contracted with New Energy for the development and operation of natural gas and oil wells in the western United States. Western Energy provided the working capital to New Energy in the amount of $250,000.00, which was evidenced by a Cognovit Promissory Note dated December 3, 2001 (the "Note"). There was also an additional investment in the amount of $1.7 million for the exploration, development, and operation of the wells. In return, New Energy agreed that it would explore, develop, and operate ten wells. The obligations of New Energy pursuant to the Note were unconditionally guaranteed in writing signed by Defendants Presley and Gustin.

The Note specifically provided for New Energy to pay interest quarterly at the rate of 6.5% per annum beginning on June 30, 2002. New Energy failed to make the required interest payments on June 30, 2002 and September 30, 2002. New Energy has not repaid any indebtedness evidenced by the Note. Therefore, pursuant to Section 4.01 of the Note, Western Energy claims that an Event of Default has occurred and therefore, the Note is in default. Pursuant to Section 4.01 of the Note, upon the occurrence of an Event of Default, Western Energy may declare the entire principal amount evidenced by the Note and all accrued interest and other charges evidenced by the Note to be immediately due and payable. Western Energy has exercised its right to declare all such indebtedness immediately due and payable. (Compl. ¶13-14, 16-17).

Section 4.01 of the Note further provides that upon default, New Energy shall pay Western Energy all costs and expenses incurred by Western Energy in collecting the indebtedness evidenced by the Note, including reasonable attorney's fees.  Therefore, Western Energy initiated this Complaint seeking to recover from New Energy $250,000.00, plus interest as specified in the Note, plus costs and expenses incurred in collecting such indebtedness.  Western Energy asserts that the Defendants have admitted liability and damages as to the first claim for relief and therefore seek a judgment on the pleadings on that claim.  After Plaintiff's Motion was filed and before any response was filed by Defendants, a mediation was held and judgment was entered against Defendants NEC and Presley.  It was agreed by the parties that the judgment would have no effect upon any rights that Western Energy might have against Defendant Gustin or any defenses that Gustin might have against the claims of Western Energy.

After the agreed judgment, efforts were made to satisfy the judgment.  The discovery with Defendant Gustin and his response the Motion to Dismiss were therefore placed on hold.  Eventually, Western Energy executed on the judgment against Defendants Presley and NEC.  Presley and NEC then filed for bankruptcy protection.  With claims still pending against Defendant Gustin, Western Energy consented to Gustin filing a response to the Motion to Dismiss.  The Motion is now ripe for review.

## II.  Motion to Dismiss

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that used to address a motion to dismiss under Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, *Federal Practice and Procedure* § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under **some** viable legal theory." *Id.* (emphasis in original, quotes omitted).

> We are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Id.*

### III. Discussion

Plaintiff Western Energy seeks judgment on the pleadings as to its first claim for relief (Enforcement of a Promissory Note) against Defendant Gustin. Western Energy argues that Defendant Gustin admitted liability and damages as to the first claim and therefore should be awarded judgment in full.

Defendant Gustin admits that no payments have been made to Western Energy under the terms of the Note and the Operating Agreement. Further, Defendant Gustin does not deny that he signed the Unconditional Guaranty relating to the Note. However, Gustin argues that he raised the affirmative defense in his answer that Western Energy must be estopped from claiming that there was no change to the Operating Agreement. Gustin explains that by the terms of the Note, it is clear that funding was being provided relative to the Operating Agreement and the basis for the loan was to provide initial capital to perform under the Operating Agreement. There were, however, numerous changes to the Operating Agreement that Defendants argue affected New Energy's ability to perform and thus repay the Note.

Defendant Gustin argues that there are a number of factual issues relating to the defenses raised in the Answer that prohibit granting judgment on the pleadings. However, as Western Energy correctly points out, Gustin is relying on matter outside of the pleadings, specifically Western Energy's alleged nonperformance under the D&O Agreement. For purposes of ruling on this Motion, the Court must consider the only the facts alleged in the complaint and admitted in the answer. *See Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)(matters outside the pleadings cannot be considered in deciding a motion for judgment on the pleadings).

Western Energy argues in response that even if their conduct adversely impacted New

-5-

Energy's performance, Defendant Gustin **unconditionally** guaranteed repayment of the Note. Defendant Gustin therefore has an obligation to repay the Note regardless of whether he believes Western Energy changed the D & O Agreement in a way that impacted New Energy's performance. Western Energy directs the Court's attention to *Belpar Square Assoc. v. Skinner*, 1986 WL 14702 (Ohio App. 1986)), which held "[i]f the principal obligation...is merely unenforceable against the debtor because of some matter of defense which is personal to the debtor, the guarantor may not set up this defense to successfully defeat an action by the creditor or obligee seeking to hold the guarantor liable on the contract of guaranty."

The Court agrees with Plaintiff Western Energy. The plain and unambiguous language of the unconditional personal guaranty that Defendant Gustin admittedly executed establishes his liability to Western Energy on the Note, regardless of any other outside factors. The Note was just that, unconditional. The Court may grant a motion for judgment on the pleadings as a matter of law based upon a defendant's admission of all material facts relating to enforcement of a note. *See e.g., PT. Bank Negara Indonesia (Persero) TBK. v. Montage Int'l, Inc.*, 1998 WL770531 (S.D.N.Y. 1998).

Defendant Gustin essentially wants the Court to find that the unconditional guarantee that he executed was conditioned on compliance with the terms of the D & O Agreement. This would mean considering evidence extrinsic to the guarantee in construing its terms. Under the parol evidence rule, extrinsic evidence of prior or contemporaneous events cannot be used to vary or add to the terms of a written contract if such contract is complete and unambiguous on its face. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St. 2d 241 (1978).

The unconditional guarantee which Defendant Gustin signed clearly obligates him to pay

-6-

Western Energy on the Note. The D & O Agreement is an entirely separate document and therefore, Defendant Gustin is liable for the Note pursuant to the personal guarantee he signed regardless of any other agreements that may exist between the parties.

For the aforementioned reasons, the Court grants Plaintiff Western Energy's Motion for Judgment on the Pleadings as to the First Claim for Relief (Enforcement of a Promissory Note) against Defendant Gustin. Judgment shall be entered in favor of Plaintiff Western Energy in accordance with the specific terms of the Note.

### IV. Disposition

Based on the above, the Court **GRANTS** Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. 23). Judgment shall therefore be entered in favor of Plaintiff Western Energy on its First Claim for Relief (Enforcement of a Promissory Note) only.

The Clerk shall remove Doc. 23 from the Court's pending CJRA motions list.

**IT IS SO ORDERED.**

**/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**