UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Western Energy Partners, LLC,**

      **Plaintiff,**

**-V-**                                                                     **Case No. 2:02cv1264**
                                                                                **JUDGE SMITH**
                                                                                **Magistrate Judge Abel**

**New Energy Co., LLC,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

      This matter is before the Court on Plaintiff Western Energy Partners, LLC's Motion to Direct Entry of Final Judgment as to the First Claim for Relief (Doc. 38). Plaintiff moves pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure for the entry of final judgment against the remaining Defendant, Everett E. Gustin.[1] For the reasons that follow the Court **DENIES** Plaintiff's Motion.

      Plaintiff Western Energy Partners, LLC ("Western Energy") is a limited liability company formed under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Defendant New Energy Co., LLC ("New Energy") is a limited liability company formed under the laws of the State of Wyoming, with its principal place of business located in Sheridan, Wyoming. Defendant Edward L. Presley is the principal owner, member, and operations manager of New Energy and a resident of the State of Wyoming. Defendant Everett E. Gustin has a financial interest

---

[1] An agreed judgment was entered against Defendants Presley and New Energy, therefore, the only remaining Defendant in this case is Defendant Everett E. Gustin.

in New Energy and is a resident of the State of Nevada.

The Complaint alleges that Western Energy contracted with New Energy for the development and operation of natural gas and oil wells in the western United States.  Western Energy provided the working capital to New Energy in the amount of $250,000.00, which was evidenced by a Cognovit Promissory Note dated December 3, 2001 (the "Note").  There was also an additional investment in the amount of $1.7 million for the exploration, development, and operation of the wells.  In return, New Energy agreed that it would explore, develop, and operate ten wells.  The obligations of New Energy pursuant to the Note were unconditionally guaranteed in writing signed by Defendants Presley and Gustin.

The Note specifically provided for New Energy to pay interest quarterly at the rate of 6.5% per annum beginning on June 30, 2002.  New Energy failed to make the required interest payments on June 30, 2002 and September 30, 2002.  New Energy has not repaid any indebtedness evidenced by the Note.  Therefore, pursuant to Section 4.01 of the Note, Western Energy claims that an Event of Default has occurred and therefore, the Note is in default.  Pursuant to Section 4.01 of the Note, upon the occurrence of an Event of Default, Western Energy may declare the entire principal amount evidenced by the Note and all accrued interest and other charges evidenced by the Note to be immediately due and payable.  Western Energy has exercised its right to declare all such indebtedness immediately due and payable.  (Compl. ¶13-14, 16-17).

Section 4.01 of the Note further provides that upon default, New Energy shall pay Western Energy all costs and expenses incurred by Western Energy in collecting the indebtedness evidenced by the Note, including reasonable attorney's fees.  Therefore, Western Energy initiated this Complaint seeking to recover from New Energy $250,000.00, plus interest as specified in the Note,

plus costs and expenses incurred in collecting such indebtedness.

Western Energy sought partial judgment on the pleadings as to its first claim for relief – enforcement of the promissory note. On January 31, 2007, the Court issued an Opinion and Order (Doc. 36) granting Plaintiff Western Energy's Motion for Partial Judgment on the Pleadings against Defendant Gustin. In reaching this conclusion, the Court held that Defendant Gustin unconditionally guaranteed the obligations of Defendant New Energy under the December 3, 2001 Cognovit Promissory Note. The Court may grant a motion for judgment on the pleadings as a matter of law based upon a defendant's admission of all material facts relating to enforcement of a note. *See e.g., PT. Bank Negara Indonesia (Persero) TBK. v. Montage Int'l, Inc.*, 1998 WL770531 (S.D.N.Y. 1998).

In light of the Court's ruling granting Plaintiff's Partial Judgment on the Pleadings, Plaintiff now seeks an entry of final judgment against Defendant Gustin. Rule 58(d) of the Federal Rules of Civil Procedure permits a party to request that a judgment be entered. Rule 54(b) specifically provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Plaintiff argues in support of its motion that the first claim on the note is unrelated to the second claim, there is no possibility that the appellate court would have to consider the same issue

twice, and that the solvency of Defendant Gustin is in question and any delay in enforcing the judgment may jeopardize the ability to collect. Defendant argues that a final judgment on the first claim is not proper in this case because the remaining two claims are not separate and distinct. Further, Defendant Gustin argues that if a final judgment were entered, he would be challenging the Court's rejection of his defense that the obligations under the Note were modified by changes relative to the D & O Agreement. However, modification of the D & O Agreement is the issue in the second claim before the Court. Therefore, issuing a final judgment could create a situation where the issue of modification of the D & O Agreement could be simultaneously litigated in the Court of Appeals and this Court, and could lead to inconsistent results.

Rule 54(b) certification is reserved for the "infrequent harsh cases." *Gen. Acquisition, Inc. v. Gencor, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986). The following nonexhaustive list of factors aids the Court's decision: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. *Id.* at 1030 (*quoting Corrosioneering, Inc. v. The Continental Ins. Co.*, 807 F.2d 1279, 1283 (6th Cir. 1986); *see also Lowery v. Fed. Express Co.*, 426 F.3d 817, 822 (6th Cir. 2005).

In ruling on the Motion for Partial Judgment on the Pleadings, the Court found that the first claim on the note was separate from the D & O Agreement, however, Defendant is correct

in arguing that he could again raise that issue on appeal. If that happens, both this Court and the appellate court would be faced with determining issues related to the D & O Agreement. Further, all of the claims asserted by Plaintiff are based on the same underlying facts. The Court therefore finds that the claim Plaintiff seeks a final judgment on is closely related to the remaining claims. *See Lowery*, 426 F. 3d at 822 (explaining that "the interrelationship of the claims themselves weighs heavily against certification").

The Court is concerned with Plaintiff's argument regarding Defendant Gustin's solvency. Defendant argues, however, that there is absolutely no evidence to support these allegations and therefore must be disregarded. The Court has also considered the other "miscellaneous factors" such as delay and expense which strongly favor denying Plaintiff's motion. Everyone involved, including the Court, are best served by resolving the entire case at this level and then entering final judgment which can then be appealed. Piecemeal adjudications and appeals are undesirable and not favored by the courts. *See Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003).

Based on the above, the Court **DENIES** Plaintiff's Motion to Direct Entry of Final Judgment as to the First Claim for Relief (Doc. 38). Final judgment shall be reserved until all the claims in the case have been resolved.

The Clerk shall remove Document 38 from the Court's pending motions list.

       **IT IS SO ORDERED.**

                                             **/s/ George C. Smith**
                                             **GEORGE C. SMITH, JUDGE**
                                             **UNITED STATES DISTRICT COURT**